UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-CV-00421-SVW (SK) | Date | March 9, 2017 |
|---|---|---|---|
| Title | Johnnie Lee Barnes v. People of the State of California | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Marc Krause | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE RE: TIMELINESS**

On February 26, 2017, Petitioner constructively filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Petitioner alleges that he was convicted of multiple counts of robbery with gun enhancements in February 2010. A review of the California courts' dockets shows that Petitioner appealed his conviction to the California Court of Appeal, which reversed the conviction in part in February 2012. (Cal. Ct. App. E050704). On a subsequent appeal, the Court of Appeal affirmed his conviction in full in November 2013 (Cal. Ct. App. E056547), and the California Supreme Court denied his petition for review in January 2014 (Cal. S. Ct. S215182). Thus, the conviction became final 90 days later in April 2014, at the expiration of the time in which Petitioner could seek review in the United States Supreme Court. From this date, Petitioner had one year until April 2015 in which to file a federal habeas petition, absent tolling. *See* 28 U.S.C. § 2244 (d)(1)(A) (federal habeas petitioner must file petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Under the presumptive one-year deadline, therefore, the Petition is untimely by almost two years.

The one-year limitations period may be tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2). Here, Petitioner filed successive state habeas petitions in the California courts, though he does not state when he initiated this process by filing a petition in the Superior Court. He alleges that the Superior Court denied the petition in April 2016 and the Court of Appeal denied the petition in May 2016 (Cal. Ct. App. E066015). Petitioner waited until November 2016 to file a petition in the California Supreme Court, which was denied in February 2017. (Cal. S. Ct. S238424). Even with a generous construction of statutory tolling, the Petition still appears untimely for two reasons.

First, while it is unclear when Petitioner initiated state habeas proceedings in the California Superior Court, it is most likely that he did so well after April 2015, which was otherwise the deadline by which he could file a federal habeas petition. If that is correct, Petitioner's state habeas proceedings would have had no statutory tolling effect. *See Ferguson*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:17-CV-00421-SVW (SK) | Date | March 9, 2017 |
|---|---|---|---|
| Title | Johnnie Lee Barnes v. People of the State of California | | |

*v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("the one-year habeas statute of limitations did not permit the reinitiation of the limitations period where that period ended before petitioner's state petition for postconviction relief was filed").  Second, even if Petitioner commenced state habeas proceedings before April 2015, the amount of delay in initiating those proceedings after his conviction became final in April 2014 combined with the time between the California Court of Appeal's denial of his habeas petition in May 2016 and when he filed his next petition to the California Supreme Court six months later in November 2016, which time would not be tolled since no properly-filed state petition was pending, would ultimately exceed the one-year limitations period in any case.

      Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** on or before **April 10, 2017** why this action should not be dismissed as untimely.  In any response, Petitioner should state the date that he filed his first state habeas petition in the California Superior Court and provide detailed reasons for any additional tolling not already considered that Petitioner believes is available.  *See* 28 U.S.C. § 2244(d)(1).  **If Petitioner does not file a timely response to this Order to Show Cause, Petitioner is advised that the Court will recommend dismissal of the Petition for failure to prosecute.  See Fed. R. Civ. P 41(b); L.R. 41-1.**  If Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a) by filing a "Notice of Dismissal."